FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2026 ★
LONG ISLAND OFFICE

MRM:MEM/APW
F. #2026R00518

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

QUINTON DAVIS,
also known as "Q,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. CR26 252

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(vi), 841(b)(1)(C), 853(a) and 853(p); T. 18, U.S.C., §§ 2 and 3551 et seq.)

BULSARA, J.

TISCIONE, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Possession of Cocaine with Intent to Distribute)

1. On or about June 17, 2026, within the Eastern District of New York and elsewhere, the defendant QUINTON DAVIS, also known as "Q," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWO
(Possession of Controlled Substances with Intent to Distribute)

2. On or about June 19, 2026, within the Eastern District of New York and elsewhere, the defendant QUINTON DAVIS, also known as "Q," together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more

controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(Possession of Controlled Substances with Intent to Distribute)

3. On or about June 26, 2026, within the Eastern District of New York and elsewhere, the defendant QUINTON DAVIS, also known as "Q," together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) 40 grams or more of a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Possession of Controlled Substances with Intent to Distribute)

4. On or about July 7, 2026, within the Eastern District of New York and elsewhere, the defendant QUINTON DAVIS, also known as "Q," together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II

controlled substance; and (b) 40 grams or more of a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(Possession of Controlled Substances with Intent to Distribute)

5. On or about July 21, 2026, within the Eastern District of New York and elsewhere, the defendant QUINTON DAVIS, also known as "Q," together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) 40 grams or more of a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

6. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

7. If any of the above-described forfeitable property, as a result of an act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

[redacted]

FOREPERSON

By: Whitman G.S. Knapp, AUSA
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK